

# Notice of Service of Process

null / ALL
Transmittal Number: 20463628
Date Processed: 09/30/2019

| | |
|---|---|
| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |
| Entity: | Liberty Insurance Corporation<br>Entity ID Number  2538339 |
| Entity Served: | Liberty Insurance Corporation |
| Title of Action: | Brian Haynes vs. Liberty Insurance Corporation |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Harris County District Court, TX |
| Case/Reference No: | 201966214 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 09/30/2019 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

CAUSE NO. 201966214

RECEIPT NO.  
**********  
0.00   CIV  
TR # 73673284

PLAINTIFF: HAYNES, BRIAN  
vs.  
DEFENDANT: LIBERTY INSURANCE CORPORATION

In The   270th  
Judicial District Court  
of Harris County, Texas  
270TH DISTRICT COURT  
Houston, TX

CITATION

THE STATE OF TEXAS  
County of Harris

TO: LIBERTY INSURANCE CORPORATION MAY BE SERVED THROUGH ITS REGISTERED  
AGENT C/O CORPORATION SERVICE COMPANY  
211  EAST 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 12th day of September, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 18th day of September, 2019, under my hand and seal of said Court.

Issued at request of:  
WILSON, CHAD TROY  
455  EAST MEDICAL CENTER BLVD  
SUITE 555  
WEBSTER, TX  77598  
Tel: (832) 415-1432  
Bar No.: 24079587

MARILYN BURGESS, District Clerk  
Harris County, Texas  
201 Caroline, Houston, Texas 77002  
(P.O. Box 4651, Houston, Texas 77210)  
Generated By: BURTON, DANCHELLE   IT6//11327272

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.  
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____  
_____ of _____ County, Texas

By _____  
Affiant          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____  
Notary Public

N.INT.CITR.P                                 *73673284*

9/12/2019 2:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36759969
By: Carolina Salgado
Filed: 9/12/2019 2:36 PM

CAUSE NO. _____

| | | |
|---|---|---|
| BRIAN AND JO ANN HAYNES, | § § § § § § § § § § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs,* | | |
| V. | | |
| | | HARRIS COUNTY, TEXAS |
| LIBERTY INSURANCE CORPORATION AND STANLEY MARK MARKOVSKY, | | |
| *Defendant.* | | _____ DISTRICT COURT |

## PLAINTIFFS ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brian and Jo Ann Haynes, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Liberty Insurance Corporation ("Liberty") and Stanley Mark Markovsky ("Markovsky") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiffs, Brian and Jo Ann Haynes, reside in Harris County, Texas.

3. Defendant, Liberty Insurance Corporation, is a Massachusetts insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Liberty, through its registered agent for service: **c/o Corporation Service Company, 211 East 7th Street Suite 620, Austin Texas 78701-3218**. Plaintiffs request service at this time.

4. Defendant Stanley Mark Markovsky is an individual resident of Houston, Texas. Markovsky may be served with citation at the address listed with the Texas Department of Insurance: **10713 W. Sam Houston Parkway N, Suite 650, Houston, Texas 77064-3577**. Plaintiffs request service at this time.

## JURISDICTION

5. The Court has jurisdiction over Liberty because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Liberty's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Markovsky because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiffs asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiffs own a Liberty Insurance Corporation insurance policy, number H3729820226170 ("the Policy"). At all relevant times, Plaintiffs owned the insured

premises located at **1003 Barkston Drive Katy, Texas 77450** ("the Property").

10. Liberty Insurance Corporation or its agent sold the Policy, insuring the Property, to Plaintiffs. Liberty Insurance Corporation represented to Plaintiffs that the Policy included hail and windstorm. On or about April 6, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Katy/Harris Texas area.

11. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Liberty against the Policy for damage to the Property. Liberty assigned claim number 039744127-01 to Plaintiffs' claim.

12. Plaintiffs asked Liberty to cover the cost of damage to the Property pursuant to the Policy.

13. Liberty hired or assigned its agent, Markovsky, to inspect and adjust the claim. Markovsky conducted an inspection on or about , according to the information contained in his estimate. Markovsky's findings generated an estimate of damages totaling 0.00. Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

14. Liberty, through its agent, Markovsky, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. Liberty and Markovsky have ultimately refused full coverage which includes, but is not limited to, replacement of the roof, vents, flashings, gutters and downspouts.

16. The damage to Plaintiffs' Property is currently estimated at $17,099.93.

17. Markovsky had a vested interest in undervaluing the claims assigned to him by Liberty in order to maintain his employment. The disparity in the number of damaged items in his

*Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure*   Page 3

report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Markovsky.

18. Furthermore, Markovsky was aware of Plaintiffs deductible prior to inspecting the Property. Markovsky had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19. Markovsky misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Markovsky made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiffs' Policy, Markovsky misrepresented that the damage was caused by non-covered perils. Markovsky used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

21. As stated above, Liberty and Markovsky improperly and unreasonably adjusted Plaintiffs claim. Without limitation, Liberty and Markovsky misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

22. Liberty and Markovsky made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Liberty and Markovsky made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Markovsky.

23. Plaintiffs relied on Liberty and Markovsky's misrepresentations, including but not limited

*Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure*     Page 4

to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Markovsky, Liberty failed to assess the claim thoroughly. Based upon Markovsky's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Liberty failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

25. Because Liberty and Markovsky failed to provide coverage for Plaintiffs insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs Property.

26. Furthermore, Liberty and Markovsky failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Markovsky performed an unreasonable and substandard inspection that allowed Liberty to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

27. Liberty's and Markovsky's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

28. Liberty's and Markovsky's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Liberty and Markovsky

have failed to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Liberty and Markovsky have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

29. Liberty's and Markovsky's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Liberty and Markovsky failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

30. Additionally, after Liberty received statutory demand on or about July 1, 2019, Liberty has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs claim properly.

31. Liberty's and Markovsky's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Markovsky performed a biased and intentionally substandard inspection designed to allow Liberty to refuse to provide full coverage to Plaintiffs under the Policy.

32. Specifically, Liberty and Markovsky performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs losses on the Property.

33. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Markovsky subpar inspection, Liberty failed

to reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated time after receiving all necessary information.

34. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Markovsky's intentional undervaluation of Plaintiffs' claims, Liberty failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Markovsky's understatement of the damage to the Property caused Liberty to delay full payment of Plaintiffs claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs claim.

35. Liberty and Markovsky's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT LIBERTY INSURANCE CORPORATION

36. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

37. Liberty is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty and Plaintiffs.

38. Liberty's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Liberty's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

40. Liberty's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

41. Liberty's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

42. Liberty's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

43. Liberty's unfair settlement practice of refusing to pay Plaintiffs full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44. Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

45. Liberty's delay in paying Plaintiffs claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. Liberty's failure to adequately and reasonably investigate and evaluate Plaintiffs claim, even though Liberty knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

48. Liberty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are a consumer of goods and services provided by Liberty pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Liberty. Specifically, Liberty's violations of the DTPA include, without limitation, the following matters:

    A. By its acts, omissions, failures, and conduct, Liberty has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Liberty's violations

include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Liberty represented to Plaintiffs that the Policy and Liberty's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Liberty represented to Plaintiffs that Liberty's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Liberty advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Liberty breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Liberty's actions are unconscionable in that Liberty took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree. Liberty's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. Liberty's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49. Each of the above-described acts, omissions, and failures of Liberty is a producing cause of Plaintiffs' damages. All of Liberty's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT STANLEY MARK MARKOVSKY

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50. All allegations above are incorporated herein.

51. Markovsky's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

52. Markovsky is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Liberty, because Markovsky is a "person," as defined by TEX. INS. CODE §541.002(2).

53. Markovsky knowingly underestimated the amount of damage to the Property. As such, Markovsky failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

54. Furthermore, Markovsky did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

55. Markovsky's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,

for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

56. Markovsky's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

57. All allegations above are incorporated herein.

58. Markovsky's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are a consumer of goods and services provided by Markovsky pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Markovsky. Specifically, Markovsky's violations of the DTPA include the following matters:

   A. By this Defendant's acts, omissions, failures, and conduct, Markovsky has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Markovsky's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B. Markovsky represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

    C.    Markovsky represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

    D.    Markovsky's actions are unconscionable in that Markovsky took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree. Markovsky's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

    E.    Markovsky's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59. Each of Markovsky's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Markovsky, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

60. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

61. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

62. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

63. Plaintiffs currently estimates that actual damages to the Property under the Policy are $17,099.93.

64. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

65. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

66. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (10%) per annum penalty

on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Liberty owed, exemplary damages, and damages for emotional distress.

69. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

70. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As

required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

72. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

73. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

### PRAYER

Plaintiffs prays that Defendants, Liberty Insurance Corporation and Stanley Mark Markovsky, be cited and served to appear, and that upon trial hereof, , recovers from Defendant, Liberty Insurance Corporation and Stanley Mark Markovsky such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs

of Court expended on Plaintiffs behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS